# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CR249-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CORY WILLIAM JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a violation report filed in the above entitled cause on February 3, 2006 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Eric Eller, and that the government was present through Assistant United States Attorney, Jill Westmoreland Rose, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter on for hearing, the defendant, by and through his attorney, denied the allegations contained in the violation report that had been filed on February 3, 2006. The Government thereafter called as a witness, Officer Chris Cook, of the Municipal Drug Task Force associated with the town of Banner Elk and the town of Newland Police Departments and the Sheriff's Office of Avery County.

The defendant was charged in a bill of indictment filed on October 4, 2005 in count one with conspiring to manufacture with intent to distribute methamphetamine and in count two with using firearms in the furtherance of drug trafficking crimes. A hearing was held in regard to the detention of the defendant on December 5, 2005. On that date the undersigned entered an order releasing the defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(7)(s) The defendant have no contact with anyone involved in the unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct.

Officer Cook testified that on February 1, 2006 he participated in sending a confidential informant to the home of Melody Bowers for the purpose of having the confidential informant attempt to purchase controlled substances from the home of Ms. Bowers. The confidential informant was wearing a transmitting device. After the informant had sufficient time to travel to the home of Ms. Bowers Officer Cook heard a male voice on the device state, "You told on me, I am going to kick your ass" and another voice state" Stop Cory, stop Cory". The confidential informant later told Officer Cook that the defendant had come out of the home to the vehicle which the confidential's source had been operating and had accused the confidential source of making statements regarding Mr. Jones.

Officer Cook further testified that in March 2005 when the defendant was arrested that he had made statements to a State Bureau of Investigation Agent that at some point in time he had traded methamphetamine, which is a controlled substance, to Melody Bowers in exchange for Ms. Bowers conveying to the defendant prescription drugs.

At the close of the government's evidence the defendant presented testimony through Melody

2

Bowers. Ms. Bowers testified that the defendant was her first cousin and that she had never been convicted of any offense and she had never sold or transferred any type of controlled substances or any type of prescription drugs. Previous to February 1, 2006 that Bowers had told Alex Cillianos and his wife, Kathryn Cillianos that they were not to come on, around or about the mobile home where Ms. Bowers resided. On February 1, 2006 that Bowers was working by driving a log truck for John Lewis and that during lunch John Lewis, Gabriel Wise, Joe Allen Hughes and James Adam Cook were at her home. The defendant came by to visit Ms. Bowers. During the visit, Mr. & Mrs. Cillianos operated a vehicle into the driveway of the dwelling house where Ms. Bowers resided. Ms. Bowers requested that the defendant assist her in having Mr. & Mrs. Cillianos remove themselves from Ms. Bowers place of residence. Bowers testified that when Mr. & Mrs. Cillianos arrived the defendant stated, "I will have to get out of here or I will be arrested". The defendant and Mr. Cillianos had harsh words between each other. The defendant told Mr. Cillianos to get out of the driveway and Mr. Cillianos then produced a weapon in the form of a knife.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
    (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2) finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a
Federal, State, or local felony, a rebuttable presumption arises that no condition

3

>or combination of conditions will assure that the person will not pose a danger to
>the safety of any other person or the community."

Based upon the evidence, the undersigned cannot find that there is probable cause to believe that the defendant has committed a federal, state or local crime while on release. The undersigned further cannot find by clear and convincing evidence that the defendant has violated condition (7)(s) of the terms and conditions of pretrial release. Evidence has been presented by the government that the defendant had told a State Bureau of Investigation Officer in March of 2005 that he had exchanged controlled substances with Melody Bowers in exchange for the transfer of other controlled substances from Ms. Bowers to the defendant. Ms. Bowers has testified in this matter and has denied that she has ever committed any such type of activity with the defendant or with any other person. There has not been any evidence presented that would show that the other persons that Ms. Bowers' home, that being John Lewis, Gabriel Wise, Joe Allen Hughes or James Adam Cook, were persons who had been involved in the unlawful use, possession or trafficking drugs or involved in any other unlawful conduct. Indeed, if the defendant had not put on evidence and had not placed Ms. Bowers on the stand, there would not have been any evidence at all to show that the defendant had violated that specific condition of his pretrial release. At that point there was no evidence which would have shown that there was anyone in the home who would be a person that could be described consistent with condition 7(s)

The burden is on the government to show by clear and convincing evidence that the person has violated a condition of his release. 18 U.S.C. § 3148(b)(1)(B). From the evidence presented the undersigned cannot find that the defendant has violated condition (7)(s) of the terms and conditions of pretrial release by the standard of clear and convincing evidence. As a result, the undersigned has determined to dismiss the violation report filed on February 3, 2006. The evidence did show that

the defendant was not employed and that he was visiting with his cousin, Mr. Bowers, during the noontime hours. The defendant should have been either seeking employment or working at some employment rather than visiting relatives. As a result, the undersigned will, using the inherent power of the court, modify the terms and conditions of the defendant's pretrial release and will modify condition (q) and will place the defendant on home detention which will include electronic monitoring. The defendant is going to be restricted to his residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court order obligations, or other activities as preapproved by the Office of Probation and Pretrial Services.

**WHEREFORE** it is the **ORDER** of the court that:

1. The violation report filed on February 3, 2006 seeking the revocation of the pretrial release of the defendant is hereby **DISMISSED**;

2. That the terms and conditions of the defendant's pretrial release are hereby ordered to be modified such that the defendant shall be placed on home detention as set forth herein.

Signed: February 15, 2006

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge