# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00249-MR-DLH-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| CORY WILLIAM JONES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's motion seeking the return of property pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983(a)(1)(F) [Doc. 100].

Rule 41(g) of the Federal Rules of Criminal Procedure provides, in pertinent part, as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion.

Fed. R. Crim. P. 41(g). Courts have recognized that a motion for return of property is proper only if the property is in the possession of the United States. See United States v. Marshall, 338 F.3d 990, 995 (9th Cir. 2003)

("the government cannot be forced to return property that it never possessed."); see also Lowrie v. United States, 824 F.2d 827, 829 (10th Cir. 1987); United States v. White, 718 F.2d 260, 261 (8th Cir. 1983); United States v. Rodriguez, No. 1:06-cr-00004-MR, 2009 WL 3698408, at *1 (W.D.N.C. Nov. 2, 2009).

In the present case, the Defendant alleges that his property was illegally obtained from his residence at the time of his arrest and that he is now entitled to the return of that property pursuant to Rule 41(g). In support of his motion, the Defendant attaches a State of North Carolina Inventory of Seized Property form that details what was seized from his residence. The Defendant also attaches a State of North Carolina Order Disposing of Weapon form and two State of North Carolina Orders for Disposition of Physical Evidence forms. Significantly, the Defendant claims that "the property was *never* turned over to the Federal Authorities as evidence, and the property was *never* Criminally or Civilly forfeited." [Doc. 100 at 4]. The Defendant's claim is corroborated by the Affidavit of Chief Deputy Troy Cook, who confirms that the Avery County Sheriff's Office has no record indicating that any of the Defendant's property was ever turned over to federal authorities. [Doc. 101-1].

"The Court 'cannot order the government to turn over articles it has no record of having taken where claimant proffers insufficient evidence to the contrary.'" Rodriguez, 2009 WL 3698408, at *1 (W.D.N.C. Nov. 2, 2009) (quoting Matthews v. United States, 917 F. Supp. 1090, 1104 (E.D. Va. 1996)). As there is no indication in the record that the Defendant's property was ever in the possession of federal authorities, his motion for the return of this property must be denied.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's motion seeking return of property [Doc. 100] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 18, 2015

Martin Reidinger
United States District Judge

---

[1] The Defendant also relies upon 18 U.S.C. § 983(a)(1)(F) in seeking the return of his property. Section 983(a)(1)(F) provides, in pertinent part, that the Federal Government shall return any property for which a notice of forfeiture was not sent in accordance with § 983(a)(1)(A). Because it appears that the Federal Government was never in possession of the Defendant's property, this section affords the Defendant no relief.

3